UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
CHRISTOPHER GUEST,
NICOLE GUEST,

               *Plaintiffs,*

v.                          No. 5:20-cv-01445

THE FIRST REPUBLIC CORPORATION
OF AMERICA, JEFFREY F.
BEARDSLEY,

               *Defendants.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:           OF COUNSEL:

LADDEY, CLARK & RYAN LLP     TIMOTHY E. DINAN, ESQ.
*Attorneys for Plaintiffs*
60 Blue Heron Road, Suite 300
Sparta, New Jersey 07871

RUPP BAASE PFALZGRAF       MATTHEW C. LENAHAN, ESQ.
   CUNNINGHAM LLC          KEVIN J. FEDERATION, ESQ.
*Attorneys for Defendant First Republic*
   *Corporation of America*
16 West Main Street, Suite 400
Rochester, New York 14614

COSTELLO, COONEY &        ERIN K. SKUCE, ESQ.
   FEARON, PLLC            JAMES J. GASCON, ESQ.
*Attorneys for Defendant*
   *Jeffrey F. Beardsley*
211 West Jefferson Street
Syracuse, New York 13202

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

### I.  INTRODUCTION

This is an action to recover damages for personal injuries stemming from plaintiff Christopher Guest's ("Christopher") alleged slip and fall on ice in the parking lot of a Holiday Inn (the "Holiday Inn" or the "Hotel") located at 441 Electronics Parkway, Liverpool New York (the "Premises").  Christopher's wife, Nicole Guest ("Nicole"), brings an additional claim for loss of consortium related to his injuries.  Defendant First Republic Corporation of America ("First Republic"), the owner of the Holiday Inn, has moved for partial summary judgment.  Co-defendant Jeffrey F. Beardsley ("Beardsley"), who contracted with First Republic for certain snow-removal services, has moved for summary judgment dismissing each of plaintiffs' claims, as well as First Republic's cross-claims against him for indemnification and contribution. These motions have been fully briefed and the Court will consider them on the basis of the submissions without oral argument.

### II.  BACKGROUND[1]

On or about August 22, 2018, Beardsley and First Republic entered into an agreement (the "Plowing Agreement") for certain snow plowing services at

---

[1] The following facts are drawn from the parties' statements of undisputed material facts and responses pursuant to Local Rule 7.1(a)(3), to the extent those facts are well-supported by pinpoint citations to the record, as well as the exhibits attached thereto and cited therein.

the Premises.  Dkt. 60-16, Defendant Beardsley's Statement of Material
Facts ("BSMF"), ¶ 4.  The Plowing Agreement required Beardsley to provide
snow plowing services upon two inches of snow accumulation, as often as
necessary, for the 2018-2019 winter season.  *Id*. ¶ 5.

Beardsley and First Republic also entered into a separate and distinct
agreement (the "Sanding Agreement") for sanding and salting services at the
Premises for the 2018-2019 winter season.  BSMF ¶ 6.  The Sanding
Agreement provides that: "[s]anding when requested will be $65.00 per Ton &
Tax. Minimum is a 4-ton load. For parking areas only."  *Id*. ¶ 7.  Beardsley's
sanding services were invoiced by the date of the service.  *Id*. ¶ 9.

It was the sole responsibility of the Hotel's maintenance department and
general manager to inspect and monitor the Premises to determine when it
needed to be salted or sanded and to contact Beardsley to request that he do
so.  BSMF ¶¶ 10-11.  At times, Hotel staff would also spread ice melt in the
parking lot themselves.  *Id*. ¶ 13.

Per the Sanding Agreement, Beardsley did not have the ability to sand
and salt the Premises unless someone from the Hotel first asked him to.
BSMF ¶ 16.  Though Beardsley did not sand and salt the Premises unless
someone from the Hotel asked, he was always responsive once they did so.
*Id*. ¶¶ 17, 19.

On February 15, 2019 at 9:03 a.m., the Hotel contacted Beardsley to sand the Premises, and, within an hour of receiving the request, he did so. BSMF ¶¶ 20-21.  Just before 9:00 a.m. on February 16, 2019, the Hotel's general manager again contacted Beardsley requesting his services.  *Id*. ¶ 22. Beardsley received no additional requests from the Hotel between the time he completed his services on the morning of February 15, 2019 and when Hotel called him on the morning of February 16, 2019.  *Id*. ¶ 23.

The afternoon of Friday, February 15, 2019, Christopher arrived at the Holiday Inn to participate in a darts event.  BSMF ¶ 25.  According to plaintiff, at that time of day, the weather was in the "50's" and it was misting outside.  *Id*. ¶ 28.  Additionally, plaintiff noticed that the Hotel parking lot appeared to be wet – though he did not observe any puddles.  *Id*. ¶ 29.  The same day, plaintiff's friend, David Westdyke ("David"), arrived at the Hotel around 4:00 p.m. for the darts event.  Dkt. 60-8 at 11:5-6.  Similar to Christopher, David noted that it was "pretty warm … a very nice day" and he did not observe any ice in the Hotel parking lot when he arrived.  *Id*. at 11:7-8; BSMF ¶ 30.

At approximately 5:00 p.m. that afternoon, Christopher and David walked across the street from the Hotel to purchase snacks from the gas station. BSMF  ¶ 31.  At that time, both men believed that the weather remained above freezing.  *Id*. ¶ 32.

4

Following their trip to the gas station, the two returned to the Hotel, where Christopher practiced darts, and then played in the dart tournament. BSMF ¶ 34.  Plaintiff's final game concluded around midnight; after playing his final round of darts, he then proceeded to practice for approximately another 45 minutes to an hour.  *Id.* ¶¶ 35-36.  When plaintiff finished practicing, he and David exited the Hotel through the side door to retrieve a phone charger from his vehicle.  *Id.* ¶ 37.  From the time Christopher returned from the gas station until he exited the Hotel with David out the side door, he did not go outside, observe anything about the weather, or discuss the weather with anyone.  *Id.* ¶ 38.

Upon exiting the Hotel side door, David and Christopher stepped off the curb and walked approximately 15 to 20 feet.  BSMF ¶ 40.  Neither man observed any ice, but plaintiff noticed that the parking lot appeared to be wet and looked the same as it had earlier.  *Id.* ¶¶ 41-42.  While walking in the parking lot, plaintiff then slipped on black ice; when his toe caught a dry spot, he twisted his ankle and fell.  *Id.* ¶ 43.

According to plaintiffs, while injured from his fall, Christopher was unable to work at his primary job, Level One Construction ("Level One"), for four-and-a-half months.  Dkt. 64-1, Responsive Statement of Material Facts ("RSMF"), ¶ 9.  Along with his job at Level One, Christopher also maintains his own "side business," All County Construction ("All County"), though

plaintiffs claim that they do not seek lost income related to All County in this action.  *Id.* ¶ 10.

### III. <u>LEGAL STANDARD</u>

Under Rule 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An issue of fact is material for purposes of this inquiry if it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  And a dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

In assessing whether there are any genuine disputes of material fact, "a court must resolve any ambiguities and draw all inferences from the facts in a light most favorable to the nonmoving party."  *Ward v. Stewart*, 286 F. Supp. 3d 321, 327 (N.D.N.Y. 2017) (citation omitted).  Summary judgment is inappropriate where a "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor."  *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (citation omitted).

**IV. <u>DISCUSSION</u>**

**1. Beardsley's Motion for Summary Judgment**

Beardsley moves for summary judgment dismissing each of plaintiffs' claims, as well as First Republic's cross-claims for contribution and indemnification. Neither plaintiffs nor First Republic oppose Beardsley's motion. The Court agrees with Beardsley that summary judgment is warranted.

As Beardsley correctly asserts, he did not owe a duty of care to Christopher. "Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party." *Espinal v. Melville Snow Contractors, Inc.*, 98 N.Y.2d 136, 138 (2002). "[T]he existence and scope of a duty is a question of law requiring courts to balance sometimes competing public policy considerations." *Id.*

In New York, it is well-settled that "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party." *Espinal*, 98 N.Y.2d at 138; *see also Diaz v. Port Auth. of N.Y. & N.J.*, 120 A.D.3d 611, 611 (Sup. Ct. App. Div. 2d Dep't 2014) ("As a general rule, a limited contractual obligation to provide snow removal services does not render the contractor liable in tort for the personal injuries of third parties"). The New York Court of Appeals has articulated three exceptions to this

general rule: (1) where the contracting party, in the course of performing its duties, fails to exercise reasonable care, thereby launching a "force or instrument of harm"; (2) where plaintiff "detrimentally relies on the continued performance of the contracting parties' duties"; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely." *Espinal*, 98 N.Y.2d at 140; *Diaz*, 120 A.D.3d at 611-12. Where a plaintiff fails to allege facts in the complaint establishing the possibility of one of the three *Espinal* exceptions, a defendant, in establishing its prima facie entitlement to judgment as a matter of law, is not required to affirmatively demonstrate that these exceptions do not apply. *Diaz*, 120 A.D.3d at 612 (citing *Knox v. Sodexho Am., LLC*, 93 A.D.3d 642, 642 (2012)).

It is undisputed that Beardsley and First Republic entered into the Plowing Agreement and the Sanding Agreement, which required Beardsley to provide certain snow removal and sanding services for the Premises during the 2018-2019 winter season.  BSMF ¶¶ 4-7.  It is further undisputed that Christopher was not a party to either of these agreements.  Moreover, plaintiffs have not alleged facts establishing the possibility that one of the *Espinal* exceptions applies, and Beardsley is not required to affirmatively demonstrate that these exceptions do not apply.  Accordingly, Beardsley's contractual obligations do not give rise to a duty of care to Christopher, and summary judgment in his favor is appropriate.

8

First Republic's claim for contribution against Beardsley is also subject to dismissal.  To sustain a claim for contribution, a defendant must show that the party it is cross-claiming against either: (i) owed it a duty of reasonable care independent of any contractual obligations; or (ii) that the co-defendant owed a duty to plaintiff as injured parties, and that a breach of this duty contributed to the alleged injuries.  *Baratta v. Home Depot USA, Inc.*, 303 A.D.2d 434, 435 (Sup. Ct. App. Div. 3d Dep't 2003) (citations omitted).

First Republic has failed to assert that Beardsley owed it a duty independent of his contractual obligations.  Likewise, First Republic has failed to allege any facts supporting that Beardsley owed plaintiff a duty. Moreover, as noted *supra*, Beardsley owed no duty of reasonable care to plaintiff under the circumstances of this case.  Accordingly, First Republic's cross-claim against Beardsley for contribution must be dismissed.  *See Pinto v. Walt Whitman Mall, LLC*, 175 A.D.3d 541, 544 (Sup. Ct. App. Div. 2d Dep't 2019) (affirming grant of summary judgment dismissing cross-claims where co-defendants failed to demonstrate either that contractor owed them a duty of care independent of its contractual obligations or that contractor owed plaintiff a duty of care).

As with First Republic's contribution claim, its cross-claim against Beardsley for indemnification must also be dismissed.  If an injury can be attributable solely to negligent performance or nonperformance of an act

9

solely within the province of a contractor, then the contractor may be held liable for indemnification to an owner. *Murphy v. M.B. Real Est. Dev. Corp.*, 280 A.D.2d 457-58 (Sup. Ct. App. Div. 2d Dep't 2001)*; see also Mitchell v. Fiorini Landscape, Inc.*, 284 A.D.2d 313, 314 (Sup. Ct. App. Div. 2d Dep't 2001). However, where a contractor has no duty to monitor a premises for a dangerous condition that harms a plaintiff, a property owner's cross-claims for indemnification asserted against the contractor are properly dismissed. *See Curreri v. Heritage Prop. Inv. Tr., Inc.*, 48 A.D.3d 505, 507 (Sup. Ct. App. Div. 3d Dep't 2008).

It is undisputed that Beardsley had no duty to monitor Premises for ice or salt/sand the parking lot absent a specific request from the Hotel to do so. Indeed, the Plowing Agreement and the Sanding Agreement did not create comprehensive and exclusive property maintenance obligations for Beardsley, and the parties agree that it was the Hotel's sole responsibility to inspect the Premises. It was also the Hotel's sole responsibility to contact Beardsley to request that the Premises be salted and sanded, and Beardsley did not have the ability to do so without being asked. Further, it is undisputed that no one from the Hotel asked Beardsley to plow, sand, or salt the Premises from the time he left the Hotel on February 15, 2019 until the morning after Christopher's fall. Under these circumstances, First Republic's cross-claim for indemnification is properly dismissed. *See Curreri*, 48 A.D.3d at 507

(holding that cross-claim for indemnification against contractor was properly dismissed because contractor had no duty to monitor parking lot for potholes); *Murphy*, 280 A.D.2d at 457-58 (holding that cross-claim for indemnification against contractor was properly dismissed where its contract with defendant did not constitute a comprehensive and exclusive property maintenance obligation).

Accordingly, summary judgment dismissing plaintiffs' claims and First Republic's cross-claims against Beardsley is appropriate.

### 2. First Republic's Motion for Partial Summary Judgment

First Republic moves for partial summary judgment, seeking to preclude plaintiffs from seeking damages for loss of earnings and lost business profits[2] arising from injuries allegedly suffered as a result of Christopher's slip and fall.[3]   The Court disagrees that plaintiffs should be barred from seeking such damages.

In New York, it is well-settled that "loss of earnings must be established with reasonable certainty, focusing in part on the plaintiff's earning capacity

---

[2] Plaintiffs only seek to recover for loss of earnings related to the wages Christopher lost while he was unable to work his primary job at Level One, not loss of business profits from All County, his side business.  *See* Dkt. 64 at 1-2.  Accordingly, the Court will cabin its analysis to loss of earnings.

[3] Specifically, First Republic claims that plaintiffs' loss of earnings claims "should not be submitted to the jury for determination, and should be dismissed as a matter of law."  While there are no independent causes of action for lost earnings under New York law, the Court will construe defendant's motion as one for summary judgment seeking to preclude plaintiffs from submitting evidence on these issues to a factfinder as a matter of law.  *See Wang v. Yum! Brands, Inc.*, 2007 WL 1521496, at *5 n.7 (E.D.N.Y. May 22, 2007).

both before and after [his injury]." *Kramer v. Showa Denko K.K.*, 929 F. Supp. 733, 743 (S.D.N.Y. 1996) (quoting *Clanton v. Agoglitta*, 615 N.Y.S.2d 68, 69 (Sup. Ct. App. Div. 2d Dep't 1994)).  Such claims may not be based on "pure speculation and conjecture," but "[r]ecovery for lost earning capacity is not limited to a plaintiff's actual earnings before the accident … and the assessment of damages may instead be based upon future probabilities." *Id*. (citations omitted).  Under New York law, "[w]hat is the appropriate amount to be awarded for loss of earnings is normally a jury question." *Id*. (citing *Loudermilk v. Allstate Ins. Co.*, 577 N.Y.S.2d 935, 936 (Sup. Ct. App. Div. 3d Dep't 1991)).

First Republic asserts that plaintiffs cannot establish Christopher's alleged loss of earnings with reasonable certainty.  In support, defendant notes plaintiffs' concession that, beyond their tax returns, there is no other documentation relevant to Christopher's loss of earnings analysis.  Defendant reasons that, based on these documents alone, it would be impossible for a jury to determine plaintiffs' loss of earnings with reasonable certainty because the tax returns appear to combine Christopher's earnings from Level One and his earnings from his own company, All County.

In opposition, plaintiffs highlight Christopher's deposition, where he stated that he was unable to work for four-and-a-half months because of his injuries.  *See* Dkt. 62-11 at 55:03-56:07.  Additionally, plaintiffs note that

Christopher's W-2 wages from 2019 are $35,322 lower than his W-2 wages from 2018, Dkt. 64 at 2, and state in their responsive statement of material facts that the amount they seek "consists only of the lost wages Mr. Guest suffered as a result of missed time from Level One Construction in 2019," Dkt. 64-1 at ¶ 10.

If a jury finds plaintiffs' evidence credible, it could calculate Christopher's lost earnings with reasonable certainty.  Plaintiffs have described a substantial window during which Christopher could not work due to injury, and plaintiffs' tax documentation shows a measurable decline in 2019 earnings compared to the year prior.  At minimum, Christopher's testimony coupled with his tax returns creates a genuine issue of material fact regarding his lost earnings, and First Republic's motion for partial summary judgment must be denied.  *See Kramer*, 929 F. Supp. at 744 (denying summary judgment on lost earnings claim where plaintiff submitted evidence of future probable earnings sufficient for jury to calculate lost salary); *compare Wang*, 2007 WL 1521496, at *6 (holding that plaintiff could not, as a matter of law, establish amount of lost wages with reasonable certainty where she offered testimony regarding prior employment, but did not submit other supportive documentary evidence, such as tax returns).

### 3. Plaintiffs' Request for Sanctions

In their opposition to First Republic's motion for partial summary judgment, plaintiffs include an informal request for sanctions. This request stems from First Republic's filing of plaintiffs' tax documents as exhibits to the instant motion without redacting certain personal identifiers.

In support of their sanctions request, plaintiffs merely cite to Local Rule 5.2. While this rule does concern personal privacy protection, it is silent on the imposition of sanctions, and plaintiffs have not provided any rule or precedent suggesting that sanctions are appropriate under these circumstances. The Court was likewise unable to find precedent tying Local Rule 5.2 to sanctions.

Moreover, after filing the unredacted tax returns, First Republic promptly complied with the Court's instructions to re-file the redacted documents. While a federal court possesses certain "inherent powers, not conferred by rule or statute, to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases," the conduct challenged here does not warrant monetary sanctions, which generally "should be saved for bad faith, vexatious, or wanton acts or actions otherwise undertaken for oppressive reasons." *Lee v. City of Troy*, 559 F. Supp. 3d 73, 83 (N.D.N.Y. 2021) (citations omitted). Accordingly, plaintiffs' informal request for sanctions will be denied.

V. **CONCLUSION**

Therefore, it is

ORDERED that

A. Defendant Jeffrey F. Beardsley's motion for summary judgment is
GRANTED;

    1. Plaintiffs' Second Amended Complaint is DISMISSED as against
       defendant Jeffrey F. Beardsley;

    2. Defendant First Republic Corporation of America's cross-claims
       against defendant Jeffrey F. Beardsley are DISMISSED;

B. Defendant First Republic Corporation of America's motion for partial
summary judgment is DENIED;

C. Plaintiffs Christopher Guest and Nicole Guest's request for sanctions is
DENIED;

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  August 2, 2022
    Utica, New York.

15